Pennington, J.
— In this case, an action was brought in the Common Pleas of Cape May, on a replevin bond taken in that court. The cause was removed to this Court by writ of error, and the plaintiff finally prevailed, and recovered judgment for thirty dollars, and took out execution for debt and costs. The question is, can the plaintiff recover costs, the sum recovered being under sixty dollars? The counsel for the plaintiff insists upon costs, on the ground that a replevin bond must be sued in the court where it was taken. If the law is so, he is certainly right. But the book to which the Court is referred (8 Term. Rep. 152) admitting that it was of unquestionable authority in this Court, does not support him. That was the case of a bail bond. The [*] equitable power which courts exercise over actions brought on those bonds, by giving a summary relief under the statute, is the reason why bail bonds must be sued in the court where the original action was brought, in order that the defendant may haye the benefit of this equitable interference of the court in a summary way, in cases requiring it. If a like power was given by statute in the case of replevin bonds, the reason would apply; the analogy between the cases would be complete; but I can find no such authority created by statute, in cases of actions on replevin bonds ; and therefore it stands on the simple ground of an action of debt *433 brought in the Common Pleas, and only §30 recovered, in which case, the plaintiff cannot recover costs. In my opinion, the defendant is intitled to his motion.
White, for plaintiff.
Crane, for defcridant.
In this opinion, the Chief Justice, and Rossexx, J.— Concurred. Motion allowed.